John C. Breslo, Esq.  State Bar No. 014972
Email: jbreslo@breslolaw.com
The Breslo Law Firm
8426 East Shea Boulevard
Scottsdale, Arizona 85260
(480) 664-6635 (tel.)

Attorneys for Plaintiff Michael P. Wanat

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MICHAEL P. WANAT, <br><br> Plaintiff, <br><br> VS. <br><br> THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CASE NO: <br><br> COMPLAINT FOR: <br><br> BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS FEES AND COST |

Plaintiff Michael P. Wanat herein sets forth the allegations of his Complaint against Defendant Prudential Insurance Company of America (hereinafter "Prudential" or "Defendant").

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" - This action is brought under 29 U.S.C. sections 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This

1 action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, to clarify and enforce Plaintiff's past, present and future rights to benefits under an employee benefit plan and to obtain other equitable relief, including but not limited to, a declaration that Plaintiff is disabled and qualifies for payment of benefits. This action also seeks prejudgement and postjudgment interest, as well as attorneys fees and costs.

2. Plaintiff was, at all times relevant, an employee of the Fort McDowell Yavapai Nation ("FMYN") and a resident of San Tan Valley, Arizona.

3. Provident is a New Jersey corporation with its principal place of business in Newark, New Jersey.

4. FMYN created a long term disability ("LTD") plan so as to provide LTD coverage to its employees. FMYN funded this Plan, hereinafter referred to as the FMYN LTD Plan, through a policy of insurance issued by Prudential. As such, Prudential is the entity responsible for paying LTD benefits which are due under the FMYN LTD Plan. Similarly, Prudential acts as the FMYN LTD Plan's fiduciary, and makes all decision whether an employee is entitled to LTD benefits under the FMYN LTD Plan.

5. As an employee of FMYN, Plaintiff is and was a participant in the FMYN LTD Plan, and Plaintiff is currently disabled pursuant to the terms of the FMYN LTD Plan. As such, pursuant to the terms and conditions of the FMYN LTD Plan, Plaintiff is entitled to LTD benefits for so long as Plaintiff remains totally disabled as defined by the terms of the FMYN LTD Plan.

6. Plaintiff resides in this judicial district, and the claim arose in this judicial district. In addition, Prudential can be found in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

///
///
///

**COMPLAINT FOR ERISA BENEFITS;** CASE NO.:

**FIRST CAUSE OF ACTION AGAINST
PRUDENTIAL FOR DENIAL OF PLAN BENEFITS**

7. At all times relevant, Plaintiff was employed by the FMYN. During the course of Plaintiff's employment he became entitled to benefits under the terms and conditions of the FMYN LTD Plan. Specifically, while Plaintiff was covered under the FMYN LTD Plan, Plaintiff suffered a disability rendering Plaintiff totally disabled as defined under the terms of the FMYN LTD Plan.

8. At all times herein mentioned, Plaintiff was a covered participant under the terms and conditions of the FMYN LTD Plan.

9. Pursuant to the terms of the FMYN LTD Plan, Plaintiff made a claim to Prudential for LTD benefits under the FMYN LTD Plan. However on March 21, 2013 Prudential denied Plaintiff's claim, in spite of the fact that Plaintiff had provided Prudential with evidence that he was disabled.

10. Plaintiff appealed this denial on September 17, 2013, submitting significant additional evidence showing he was disabled under the FMYN LTD Plan. However on December 9, 2013, despite this new evidence, Prudential upheld the denial.

11. Plaintiff appealed yet again, however, despite the overwhelming evidence of a covered LTD claim, on August 18, 2014 Prudential upheld the denial, In this same communication Prudential informed Plaintiff that his rights to appeal under the FMYN LTD Plan were exhausted.

12. Defendant Prudential wrongfully denied Plaintiff's claim, in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when Prudential knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the FMYN LTD Plan, as Plaintiff was disabled and unable to work. Even though Prudential had such knowledge, Prudential denied Plaintiff's claim for continued LTD benefits;

**COMPLAINT FOR ERISA BENEFITS;** CASE NO.:

    (b) Withholding LTD benefits from Plaintiff knowing Plaintiff's claim was valid, for the reasons set forth in subparagraph (a) above;

    (c) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the FMYN LTD Plan documents, in relation to the applicable facts and the FMYN LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

    (d) Failing, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

    (e) Failing to adequately investigate Plaintiff's claim.

  13. Plaintiff is informed and believes and thereon alleges that Prudential wrongfully denied his disability benefits under the FMYN LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will make Defendant aware of once Plaintiff discovers said acts or omissions.

  14. Following the denial of Plaintiff's disability claim under the FMYN LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the FMYN LTD Plan.

  15. As a proximate result of the aforementioned wrongful conduct of Prudential, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

  16. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

///

///

### SECOND CAUSE OF ACTION AGAINST PRUDENTIAL FOR DECLARATORY RELIEF

17. Plaintiff refers to and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. A controversy now exists between Defendant on the one hand and Plaintiff on the other as to whether Plaintiff is disabled under the terms of the FMYN LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the FMYN LTD Plan's definition of disability. Plaintiff further seeks a declaration by this Court that, if in fact Plaintiff is found to have been and continued to remain disabled under the terms of the controlling Plan documents, all benefits provided under the Plan while a participant is disabled be reinstated retroactive to the date Plaintiff's disability benefits were denied.

### THIRD CAUSE OF ACTION AGAINST PRUDENTIAL FOR AN ORDER OVERTURNING THE DENIAL AND REMANDING FOR ADDITIONAL INVESTIGATION

19. Plaintiff refers to and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. Prudential's numerous breaches of its fiduciary obligations and its duty to investigate have led to a denial made on improper grounds and a Record that is incomplete.

21. As a result, to the extent that this Court does not find the Record adequate to award benefits to Mr. Wanat, he respectfully requests that the Court issue an Order overturning the denial and remanding this matter back to the FMYN LTD Plan for a proper investigation, creation of a complete Record, and for a decision made on a legally proper basis.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff, including any and all prejudgment and postjudgment interest;

///

5
**COMPLAINT FOR ERISA BENEFITS;** CASE NO.:

2. For a declaration that Plaintiff is disabled under the terms of the FMYN LTD Plan and entitled to receive benefits for the same while Plaintiff is, was and continues to remain disabled;

3. For, in the alternative, an Order overturning the denial and remanding this matter to the FMYN LTD Plan for a determination complying with ERISA;

4. Pursuant to 29 U.S.C. § 1132(g) for all costs and attorney fees incurred in pursuing this action;

5. For prejudgement and postjudgment interest as allowed for under ERISA; and

6. For such other and further relief as this Court deems just and proper.

DATED: November 24, 2014        The Breslo Law Firm

BY  S/*John Breslo*
    _____
    JOHN C. BRESLO
    ATTORNEY FOR PLAINTIFF
    MICHAEL P. WANAT